

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 5, 1967

Hon. Neal Birmingham
Criminal District Attorney
Cass County
Linden, Texas 75563

Dear Sir:

Opinion No. M-167

Re: Whether the County Tax Assessor-Collector is required by Article 2549, Vernon's Civil Statutes, or other law, to deposit tax funds in his possession in the designated county depository pending transfer of the funds to the County Treasurer, and related questions.

By recent letter to this office you have requested an opinion in regard to the above stated matter. Specifically you have asked the following questions:

"(1) Is the County Tax Assessor-Collector required by Article 2549 V.A.C.S. or other authority to deposit tax funds in his possession in the designated county depository pending transfer of such funds to the Treasurer?

"(2) If so, how often is the Tax Collector legally required to make deposits? (Does 'as soon as collected' mean simultaneous with the transaction, hourly, twice a day, daily, weekly, bi-monthly or how often)?

"(3) Assuming an affirmative answer to the first question, what action, if any, could be taken against the Tax Collector if he willfully deposited funds in an unofficial depository, providing that the funds were available and delivered to the County Treasurer at the time required by law?

"(4) Assuming that some action could be taken, who would be authorized to institute such action? (The official depository, the Commissioners Court, the County, the State of Texas, or some other person or body)

"(5) Assuming all answers to the preceding questions to be unfavorable to the Tax Collector's position, does the Tax Collector have any remedy to reduce his risk or expense in being required by law to transport such funds?"

In addition, you have stated in your letter that the Commissioners Court, in its discretion, refuses to require the county depository, which is located in the same county, but in a different town from the county seat, to file the statement designating the place and person at the

-803-

county seat where deposits may be received on behalf of the county under Article 2553, Vernon's Civil Statutes.

The pertinent part of Article 2549, Vernon's Civil Statutes, reads as follows:

". . . It shall also be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority, for the State and such county and its various districts and other municipal subdivisions, in such depository or depositories, *as soon as collected, pending the preparation of his report of such collection and settlement thereon. The bond of such county depository or depositories shall stand as security for all such funds. Upon such funds being deposited as herein required, the tax collector and sureties on his bond, shall thereafter be relieved of responsibility of its safekeeping. . . .*" (Emphasis added.)

Such statute further provides that such county depositories shall have the duty to use due diligence and collect all checks, drafts, demands, etc.

The other statutes concerning county depositories set out elaborate guides for setting the bond of such depository by the Commissioners Court and indicates that the Legislature intended the money to be covered either under the Treasurer's bond or the county depository's bond.

Article 7295, Vernon's Civil Statutes, sets out the duty of the tax collector in paying over public moneys to the County Treasurer. It reads as follows:

"*All tax collectors* and other officers or appointees authorized to receive public moneys *shall account for all moneys in their hands* belonging to their respective counties, cities or towns, *and pay the same over to the respective county treasurers* or city treasurers *whenever and as often as they may be directed to do so by the respective county judges, or county commissioners courts* or mayor or board of aldermen; provided that tax collectors shall have ten days from the date of such direction within which to comply with the same." (Emphasis added.)

Article 7249a, Vernon's Civil Statutes, designates weekly payments to be made by the tax collector to the County and State Treasurers. It reads as follows:

"*On Monday of each week each County Tax Collector shall pay over to the County Treasurer ninety per cent (90%) of all taxes collected for the County during the preceding week,* and pay over to the State Treasurer ninety per cent (90%) of all taxes collected for the State during the preceding week.

> *"The Commissioners' Court of any County,* or the Comptroller of Public Accounts, *may* at any time in their descretion *call upon the Tax Collector for a sworn statement as to the amount of his collections made during the current month, and for a report as to the amount of taxes in the County Depository belonging to the County* or State, *and direct that ninety per cent (90%) of those funds be transferred to the County* or State Treasury. The Commissioners' Court or the Comptroller may at any time require a sworn report from the Depository as to the amount of funds in their hands under the control of the Tax Collector. *Failure or refusal of a Tax Collector to make the remittances as provided in this Act within three (3) days from the date due, or to render the statements required herein, within three (3) days after receiving notice to do so, shall constitute a misdemeanor and shall be punished by a fine not to exceed Two Hundred Dollars ($200.00)."* (Emphasis added.)

Article 2554, Vernon's Civil Statutes, provides for the payment of county warrants and provides, in part:

> *". . . It shall be the duty of such depository to make a detailed monthly statement to the Commissioners Court at each regular term of said Court showing the daily balances to the credit of each of the funds on deposit. . . ."* (Emphasis added.)

It is apparent from reading all of these statutes, which are in para materia, that the Legislature intended that tax collections be placed on deposit at least on a weekly basis to be available for the County Treasurer to pay such bills as may be presented. Both the county depository and the tax collector is required to make monthly reports to the Commissioners Court. The language in Art. 2549 can only be reasonably construed as meaning as soon as possible and not less than weekly, and in contemplation of the tax collector's monthly report. It is apparent, because of the bonding requirements, that such funds were intended to be protected under the bond of either the tax collector or the county depository. Such funds are required to be in the physical possession of either one or the other.

The answer to Question No. 1, therefore, is that the County Tax Assessor-Collector is required by Art. 2549, and the other cited statutes, which are in para materia therewith, to deposit tax funds in his possession in the county depository pending transfer of the funds to the County Treasurer.

The answer to Question No. 2 is that the tax collector is legally required to make such deposits in the county depository at least on a weekly basis, pursuant to Article 7249a.

The answer to Question No. 3 is that action can be taken against the tax collector under such circumstances as you describe, either under the penal provisions of Article 7249a or under the provisions of Article 7295.

The answer to Question No. 4 is that the Commissioners Court is authorized to bring a suit in court, under either of the above two cited Articles, and the District or County Attorney, under those Articles and other appropriate law, and in some instances the County Treasurer or Auditor, have the authority to bring such a suit. Attorney General's Opinion No. 6929 (1945).

In answer to Question No. 5, you are advised that the tax collector may, under appropriate procedures, request that the Commissioners Court raise the amount of his bond due to the additional risk involved in transporting such funds to the county depository.

## SUMMARY

The County Tax Assessor-Collector is required by Article 2549, V.C.S., and other appropriate law, to deposit tax funds in his possession in the designated county depository, pending transfer of the funds to the County Treasurer. The tax collector is required to make such deposits to the county depository at least weekly by Article 7249a, V.C.S. The Commissioners Court, County or District Attorney, and in some cases other county officials, have standing to bring suit to require the tax collector to deposit collections timely in the county depository. Article 7249a, V.C.S.; Article 7295, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Cain
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
Edward Esquivel
John Fainter

A. J. CARUBBI, JR.
Staff Legal Assistant